UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| PRIME HEALTHCARE SERVICES - SHASTA, LLC, doing business as Shasta Regional Medical Center,<br><br>    Plaintiff,<br><br>    v.<br><br>ALLSTATE INSURANCE COMPANY; and DOES 1 through 100, inclusive,<br><br>    Defendants. | CIV NO.: 2:16-01363 WBS KJN<br><br>ORDER RE: MOTION TO REMAND |

----oo0oo----

Plaintiff Prime Healthcare Services - Shasta, LLC initiated this action in Shasta County Superior Court against defendant Allstate Insurance Company, bringing breach of contract and California Business Code § 17200 claims arising out of medical services provided by plaintiff.  Defendant removed this action on the basis of diversity jurisdiction, (Docket No. 2), and plaintiff now moves to remand, (Docket No. 8).

"[A]ny civil action brought in a State court of which

1

the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district . . . where such action is pending."  28 U.S.C. § 1441(a).  However, if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

Federal courts have original jurisdiction over cases where complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  As the party seeking removal, defendant "has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000."  <u>Cohn v. Petsmart, Inc.</u>, 281 F.3d 837, 839 (9th Cir. 2002).

Here, plaintiff's Complaint seeks $56,000 in damages.  (Notice of Removal Ex. A ("Compl.") (Docket No. 2-1).)  The Declaration of John Nuelle in support of motion to remand confirms the claims at issue are no more than $56,000 and are below the amount-in-controversy requirement.  (Nuelle Decl. Ex. A (Docket No. 8-3).)  Plaintiff also seeks interest, costs, and permanent injunctive relief preventing defendant from denying plaintiff's bills.  (<u>See</u> Compl. ¶ 24.)

In its notice of removal, defendant originally argued that the amount plaintiff allege they were underpaid was approximately $159,000 based on plaintiff's theories of recovery and plaintiff's equitable relief would require defendant to pay higher rates for future services provided to its members.  (Notice of Removal ¶¶ 18-19 (Docket No. 2).)  After reviewing plaintiff's motion to remand and the claims at issue, defendant

2

does not oppose the motion to remand on the basis that plaintiff seeks no more than $56,000 in damages and the amount-in-controversy requirement is not met. (Def.'s Notice of Non-Opp'n (Docket No. 10).) Thus, defendant has not shown that this case meets the amount-in-controversy requirement. Accordingly, the court must grant plaintiff's motion to remand.

       IT IS THEREFORE ORDERED that plaintiff's motion to remand be, and the same hereby is, GRANTED; and this action is hereby REMANDED to the Superior Court of the State of California, in and for the County of Shasta.

Dated: October 12, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE